**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.<br><br>     Debtor in Foreign Proceedings. | No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.<br><br>     Plaintiffs,<br><br>     v.<br><br>HSBC PRIVATE BANK (SUISSE) SA, et al.,<br><br>     Defendants. | Adv. Pro. No. 10-03633 (CGM) |

**MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER**

**A P P E A R A N C E S :**

*Attorneys for the Plaintiff Joint Liquidators*
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
By: David Elsberg
   Maria Ginzburg
   Jordan Goldstein
   Lena Konanova
   David S. Flugman
   Joshua S. Margolin

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
By: David J. Molton
   Marek P. Krzyzowski

*Counsel for Defendants HSBC Private Bank (Suisse) SA*
CLEARY GOTTLIEB STEEN & HAMILTON
One Liberty Plaza
New York, NY 10006
By:    Jeffrey A. Rosenthal
        Joseph M. Kay
        David Z. Schwartz
        JD Colavecchio
        Thomas Q. Lynch

2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
By: Nowell D. Bamberger

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is Plaintiffs'[1], Fairfield Sentry Ltd. (In Liquidation), et al. (the "Liquidators"), motion to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7016(b). The Liquidators seek the entry of a modified scheduling orders adjourning oral arguments from April 19, 2023 to July 19, 2023 on HSBC Private Bank Suisse S.A.'s ("HSBC Suisse") and HSBC Securities Services (Luxembourg) S.A.'s ("HSBC Lux") pending motions to dismiss.[2] The Liquidators also seek permission to file, on or before June 30, 2023, sur-replies of no more than fifteen pages responding to HSBC Suisse's and HSBC Lux's March 15, 2023 replies. The Liquidators seek these modifications for good cause. HSBC Suisse opposes the motion. For the reasons set forth herein, the motion is granted.

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). This Court has subject matter jurisdiction over these adversary proceedings pursuant to 28 U.S.C. §§

---

[1] Plaintiffs are Kenneth M. Krys and Greig Mitchell in their capacities as the duly appointed liquidators and foreign representatives of Fairfield Sentry Limited and Fairfield Sigma Limited.
[2] This opinion addresses the motion to amend the scheduling order in 10-3633. The Court addresses the identical motion filed in 10-3630 in a separate opinion.

1334(b) and 157(a), the District Court's Standing Order of Reference, dated July 10, 1984, and the Amended Standing Order of Reference, dated January 31, 2012. These matters arise in and relate to the Fairfield Sentry Limited Chapter 15 proceedings pending in this Court.

## Background

This adversary proceeding was filed on September 21, 2010. (Compl., ECF[3] No. 1). This case concerns two investment funds, Fairfield Sentry Limited and Fairfield Sigma Limited (collectively, "Fairfield Funds") organized under the laws of the British Virgin Islands. HSBC Suisse invested in the Fairfield Funds which in turn invested substantially all its assets with Bernard L. Madoff Investment Securities, LLC ("BLMIS"). Following BLMIS's collapse, the Liquidators filed numerous Chapter 15 actions (the "Redeemer Actions"), both originally in or removed and transferred to this Court, seeking to recover redemptions received by investors of the Fairfield Funds. The Redeemer Actions run parallel to similar proceedings in the British Virgin Islands.

Via the amended complaint, the Liquidators seek to recoup redemptions transferred to HSBC Suisse from the Fairfield Funds. (Am. Compl. ¶ 17, ECF No. 143 ("Amended Complaint")). The Liquidators have alleged that, between April 2004 and September 2008, HSBC Suisse received $124,301,366.68 in redemptions from the Fairfield Funds. (*Id.* ¶ 9). HSBC Suisse is a corporate entity organized under the laws of Switzerland and its registered address is in Switzerland. (*Id.* ¶ 33). HSBC Suisse was a member of the Fairfield Funds and a registered holder of shares. (*Id.*)

On October 19, 2011, this Court entered an order staying the Redeemer Actions pending developments in connection with the parallel proceeding in the British Virgin Islands. (Am.

---

[3] Unless otherwise indicated, all references to "ECF" are references to this Court's electronic docket in adversary proceeding 10-3633-cgm.

Order, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), Adv. Pro. No. 10-3496 ECF No. 418).  On August 5, 2021, this Court entered an order lifting the stay and directing the parties to proceed in accordance with the Federal Rules of Civil Procedure.  (Order, ECF No. 142).  At the hearing on September 15, 2021, this Court told the parties that the Liquidators must "have discovery to get personal jurisdiction" and thereafter directed the parties to proceed with discovery.  (Sept. 15, 2021 Hr'g Tr. 9:19–20, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), Adv. Pro. No. 10-3496 ECF No. 3882; Order *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), Adv. Pro. No. 10-3496 ECF No. 3900).

On October 13, 2021, the Liquidators filed a motion to compel HSBC Suisse to proceed with discovery which the Court granted over opposition from HSBC Suisse on October 28, 2021. (Mot., ECF No. 151; Order, ECF No. 176).  The next day, on October 29, 2011, HSBC Suisse filed a motion to dismiss the adversary proceeding for lack of personal jurisdiction.  (Mot. to Dismiss, ECF No. 170).  On November 18, 2021, HSBC Suisse filed a motion for leave to appeal this Court's order granting the Liquidator's motion to compel.  (Mot. for Leave, ECF No. 180). On August 31, 2022, the United States District Court for the Southern District of New York affirmed this Court's decision.  (Op. and Order, ECF No. 206).

Following the District Court's decision, HSBC Suisse and the Liquidators agreed, given that HSBC Suisse filed its opening briefs before jurisdictional discovery was ordered by the Court,

> [t]he Liquidators will not move to strike any document cited in [HSBC Suisse's] reply briefs . . . solely on the ground that the document was not cited in [HSBC Suisse's] opening briefs[;] [t]he Liquidators will not move to strike the argument that [HSBC Suisse] lacked sufficient intent to invest in Madoff through the Fairfield Funds solely on the ground that the argument was not advanced in [its] opening briefs[; and] [e]xcept as expressly set forth above, the Liquidators reserve

>   all rights, defenses, and remedies, including (without limitation) the right (a) to seek leave to file a sur-reply that responds to any materials or arguments that were not cited or advanced in [HSBC Suisse's] opening briefs, and (b) to take additional discovery in advance of filing any sur-reply.

(Mem. L. Ex. B, ECF No. 231). The Liquidators now seek to amend the scheduling order to allow for the above referenced "leave to file a sur-reply that responds to any materials or arguments that were not cited or advanced in [HSBC Suisse's] opening briefs[.]" (*Id.*). The Liquidators argue that they need time to review and prepare responses "to the significant volume of new materials filed by HSBC [Suisse] that comprises nearly 5,000 pages, including nine fact and expert declarations. (*Id.* at 5). The Liquidators also inform the Court that they have a scheduling conflict with the hearing date as they will be traveling outside of the country for meetings during the week of April 19, 2023. (*Id*. at 4 n.5).

HSBC Suisse opposes the motion to amend the scheduling order. (Opp'n, ECF No. 236). HSBC Suisse argues that the delay the Liquidators seek is inappropriate because the Liquidator's chose the sequence of briefing and HSBC Suisse had no choice but to address discovery on reply. (*Id.* at 2). HSBC Suisse also argues that none of the arguments HSBC Suisse put forth in its reply were new and that the Liquidators misrepresent the number and contents of new documents that HSBC Suisse submitted on reply. (*Id.* at 2–3).

## Discussion

The Federal Rules provide that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). Although the parties themselves do not have the authority to stipulate changes in the scheduling order, in the Second Circuit, "the safe and sure course for a . . . judge to follow . . . is to grant all

requests for extensions of time and continuances." *Harding v. Federal Reserve Bank of N.Y.*, 707 F.2d 46, 52 (2d Cir. 1983). Some judges modify based on the parties' stipulation, even in the absence of good cause. *Id.* Courts have found good cause to amend when a party introduces new facts or arguments on reply. *Sec. and Exch. Comm'n v. Ripple Labs, Inc*, No. 20 Civ. 10832(AT), 2022 WL 329211, a *3 (S.D.N.Y. Feb. 3, 2022).

In its reply motion, HSBC Suisse has argued that it acted "solely as a non-discretionary, execution-only custodian" when facilitating client investments and that "[w]hether or not the [f]unds would use money raised in foreign capital markets to invest with BLMIS in the United States or for some other legal purpose was neither [HSBC Suisse's] concern nor its business." (Def. Mem. L. 7, ECF No. 218). HSBC Suisse's knowledge and intent are "core elements" of the Liquidators jurisdictional theory. (Pl. Reply Mem. 1, ECF No. 237). HSBC Suisse's knowledge of and intent to invest in BLMIS through the Fairfield Funds was not addressed as an argument against this Court's personal jurisdiction over HSBC Suisse in its opening brief. HSBC Suisse only identified knowledge as being "jurisdictionally irrelevant" in its opening brief. (Def. Mem. L. 9, ECF No. 171). HSBC Suisse did not argue that it actually lacked knowledge and intent. HSBC Suisse's argument that there was no knowledge or intent to invest in BLMIS through the Fairfield Funds is a new argument first presented on reply. Good cause exists to amend the scheduling order and allow the Liquidators to file a sur-reply addressing HSBC Suisse's new arguments.

Even if, *arguendo*, good cause was not shown, this Court would still allow the amendment of the scheduling order as requested. Prior to HSBC Suisse filing its reply briefs, the parties agreed that HSBC Suisse could cite newly discovered documents and present new arguments without the Liquidators moving to strike such documents and arguments. This

agreement was premised on the condition that the Liquidators would reserve their right to seek leave for a sur-reply. The Liquidators agreed to not to move to strike the very argument HSBC Suisse made for the first time in its reply brief and the Liquidators only did so with the security of knowing they'd have the opportunity rebut such an argument. HSBC Suisse now attempts to receive the benefit of the stipulation while attempting to block what made the stipulation agreeable to the Liquidators. Even in the absence of good cause, the Court would not allow for such an outcome.

### Conclusion

For the foregoing reasons, the Liquidators motion to amend the scheduling order is granted. The Liquidators shall submit a proposed order within fourteen days of the issuance of this decision directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: April 11, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**