# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO

VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA

KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
RESIDENT COUNSEL

D: +1 212 225 2086
jrosenthal@cgsh.com

July 18, 2023

BY ECF

Honorable John P. Mastando III
United States Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *Fairfield Sentry Limited (In Liquidation) et al. v. HSBC Secs. Servs. (Luxembourg) S.A., et al.*, Adv. Pro. No. 10-ap-03630 (JPM); *Fairfield Sentry Ltd. (In Liquidation) v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-03633 (JPM)

Dear Judge Mastando:

      We are counsel for HSBC Securities Services (Luxembourg) S.A. ("HSSL") in Adv. Pro. No. 10-3630 and for HSBC Private Bank (Suisse) S.A. ("PBRS") in Adv. Pro. No. 10-3633 (collectively, the "HSBC Defendants"). In light of the recent re-assignment of these matters to Your Honor, and in advance of the status conference scheduled for July 21, 2023, we thought it might benefit Your Honor for us to provide the Court with the procedural history of these cases, which are two of over 250 related adversary proceedings brought by these Plaintiffs, along with the current status and in particular, the status of the motions to dismiss filed by the HSBC Defendants with respect to the issue of personal jurisdiction.

**Current Posture**

      In summary, the current posture of these cases is as follows:

Hon. John P. Mastando III, p. 2

- **Pending Motions:** Currently before this Court are the HSBC Defendants' motions to dismiss pursuant to Rule 12(b)(2) addressing solely the issue of whether the HSBC Defendants are subject to specific personal jurisdiction on the basis of their minimum contacts with the forum. The Bankruptcy Court previously rejected personal jurisdiction over the HSBC Defendants on the basis of contractual consent, a decision that was affirmed by the District Court and is currently on appeal to the Second Circuit. *In re Fairfield Sentry Ltd.*, 2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018) ("Fairfield I"); *Fairfield Sentry Ltd. v. Citibank, N.A. London*, 630 F. Supp. 3d 463 (S.D.N.Y. 2022) ("Fairfield V"); *In re: Fairfield Sentry Limited*, No. 22-2101 (2d Cir.). Following months of jurisdictional discovery authorized by the Court, the motions to dismiss are fully briefed and were scheduled to be argued before Judge Morris on July 19, 2023.

- **Reserved Motions:** There are other issues on which the HSBC Defendants may move under Rule 12, including without limitation whether the Fourth Amended Complaint in each of these cases adequately pleads the sole claim asserted therein, a constructive trust claim under the law of the British Virgin Islands (the "BVI"), the jurisdiction in which Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited (collectively, the "Fairfield Funds") were incorporated, and which has appointed the liquidators (the "Liquidators") of the Fairfield Funds. By agreement of the parties and prior orders of the Court, briefing on these issues has been reserved until after the personal jurisdiction motions are resolved. *See* Stipulated Order Granting in Part and Denying in Part Moving Defendants' Second Consolidated Motion to Dismiss at 13-14, *Fairfield Sentry Limited (In Liquidation) et al. v. HSBC Secs. Servs. (Luxembourg) S.A., et al.*, Adv. Pro. No. 10-ap-03630 (SMB) (Bankr. S.D.N.Y. Feb. 26, 2021) (ECF No. 130); Stipulated Order Granting in Part and Denying in Part Moving Defendants' Second Consolidated Motion to Dismiss at 14-15, *Fairfield Sentry Ltd. (In Liquidation) v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-03633 (SMB) (Bankr. S.D.N.Y. Feb. 26, 2021) (ECF No. 118); Hearing Tr. at 36-37, 42-43, *Fairfield Sentry Limited (In Liquidation) et al. v. Theodoor GGC Amsterdam et al.*, Adv. Pro. No. 10-ap-03496 (CGM) (Bankr. S.D.N.Y. Apr. 21, 2021) (sequencing permitted motions).

- **Scheduling Orders:** The Court previously entered a scheduling order governing this case through trial. Under the most recent amended scheduling order, the fact discovery cut-off is February 16, 2024. As reflected in the parties' email to chambers last Friday, in light of the time it has taken to complete jurisdictional discovery and brief the pending motions, the parties agree that the existing schedule is not realistic and will need to be modified going forward.

- **Issues and Claims On Appeal:** The Court's prior orders dismissing all of the common law and statutory avoidance claims under BVI law that were asserted in this case, except constructive trust, were affirmed by the District Court, *Fairfield V*, 630 F. Supp. 3d 463, and are currently pending before the Second Circuit, *In re: Fairfield Sentry Limited*, No. 22-2101 (2d Cir.). Following certification by the District Court, the Second Circuit also recently granted the HSBC Defendants' petition to appeal on an interlocutory basis from the Court's denial of their motion to dismiss the BVI constructive trust claims, which the Court held (unlike the dismissed BVI statutory claims) were not precluded by the "safe

harbor" under Section 546(e) of the Bankruptcy Code for payments in connections with a securities contract.

The 16 other cases brought against dozens of other defendants by these same Plaintiffs and currently before the Court are in essentially the same procedural posture, other than that progress in briefing the personal jurisdiction-based motions to dismiss vary among the cases. None of these motions have yet been argued.[1]

**Procedural History and Posture**

These cases arise from more than 250 actions that the Liquidators of the Fairfield Funds brought between 2010 and 2019 in connection with proceedings under Chapter 15 of the Bankruptcy Code. The Fairfield Funds were directly or indirectly invested in Bernard L. Madoff Securities LLC ("BLMIS") and entered into liquidation in the BVI shortly after the BLMIS Ponzi scheme was publicly revealed in December 2008. The Liquidators were appointed by the BVI court overseeing the Fairfield Funds' liquidation and sought recognition in the United States of the BVI foreign main proceedings to bring claims here against the HSBC Defendants and hundreds of other defendants. Defendants each allegedly were shareholders (or the beneficial owners of shares) in the Fairfield Funds who redeemed shares in the Fairfield Funds in exchange for contractually due redemption payments. Many of the cases were originally filed in New York state court, and were subsequently removed to the Bankruptcy Court, and the Liquidators filed additional cases in the Bankruptcy Court. The Honorable Burton R. Lifland initially presided over the Bankruptcy Court cases.

When the Liquidators filed their complaints against defendants, they asserted various legal theories under foreign statutory and common law to recover those redemption payments. The Liquidators brought claims under BVI law for unjust enrichment, mistaken payment, money had and received, and constructive trust (the "Common Law Restitution Claims"), claims for breach of contract and breach of the implied covenant of good faith and fair dealing (the "Contract Claims," and together with the Common Law Restitution Claims, the "Common Law Claims"), and BVI Insolvency Act claims for purported preference and undervalue transactions (the "BIA Claims").

Around the same time the Liquidators filed cases here, they also filed more than 30 lawsuits against over 70 similarly-situated defendants in the BVI courts (the "BVI Litigation"), asserting substantially similar claims to recover redemption payments allegedly paid to those defendants.

The cases against all defendants pending in this Court were administratively consolidated in 2010. Initially, there was a question about whether these cases could or should be heard in this Court at all, and a number of defendants filed motions for remand to New York state court and/or abstention. In 2011, Judge Lifland denied those motions, and defendants appealed to

---

[1] With specific reference to Adv. Pro. No. 10-ap-03630, HSSL's separately represented co-defendant Private-Space Ltd. also has a pending motion to dismiss for lack of personal jurisdiction as to which the briefing is not yet complete.

the District Court.  In a 2011 decision, the District Court (Preska, J.) reversed the Bankruptcy Court's decision and instructed it to reconsider whether to abstain in favor of New York state court.

Following remand from the District Court, Judge Lifland ordered these cases stayed in favor of the BVI Litigation.  In 2012, the Liquidators sought a partial lifting of the stay to obtain disclosure of identities and contact information of beneficial owners of shares in the Fairfield Funds, on whose behalf defendants may have held shares, in order to amend the complaints to name those beneficial owners.  Judge Lifland granted the motion, and defendants filed an emergency motion with the District Court to stay the order and grant an interlocutory appeal.  The District Court (Preska, J.) reversed Judge Lifland's order compelling disclosure of the beneficial owners, holding that the Court should determine whether disclosure would conflict with foreign law, and if so, undertake a comity analysis.  On remand, Judge Lifland conducted a comity analysis and entered an order continuing the stay and denying disclosure, but permitting the Liquidators to file amended complaints.  The actions otherwise remained stayed while the BVI Litigation continued.

Meanwhile, in 2011, the defendants in the BVI Litigation applied for a trial on two preliminary issues: whether the Fairfield Funds' Articles of Association bound the Funds to pay redemption requests to redeeming shareholders at the certified value (the "Certification Issue"), and whether the surrender of shares in exchange for the redemption payments constituted good consideration regardless of any alleged miscalculation of the value of the shares (the "Good Consideration Issue").  The BVI trial court ruled for the defendants on the Good Consideration issue, but not the Certification Issue, and granted the defendants summary judgment on the basis that the Good Consideration Issue compelled dismissal of the Liquidators' claims.  The Liquidators and the defendants both appealed the trial court's decision to the Eastern Caribbean Court of Appeal (the "ECCA"), which upheld the trial court's decision on both issues.  The parties further appealed to the U.K. Privy Council, the highest appellate court for the BVI.

In 2014, the Privy Council issued its decision in *Fairfield Sentry Ltd. (in Liquidation) v. Migani* [2014] UKPC 9 ("*Migani*").  In *Migani*, the Privy Council reversed the ECCA's decision on the Certification Issue, finding that the Fairfield Funds were bound to pay redemption requests at the certified value.  The Privy Council also dismissed the Liquidators' appeal of the Good Consideration Issue, leaving intact the lower courts' decisions that the defendants had given good consideration for the redemption payments by surrendering their shares.  As a result of *Migani*, the Liquidators' claims against the defendants in the BVI Litigation were barred for two independent reasons.  The Liquidators later voluntarily dismissed all remaining claims in the BVI.

Around the same time, the BVI court was asked to withdraw the Liquidators' authority to proceed with this litigation in the United States.  Defendants in the BVI Litigation who were also defendants in the proceedings in the United States (which did not include the HSBC Defendants) filed an application in 2015 to prevent the Liquidators from continuing with their U.S. litigation.  The BVI trial court dismissed the application for lack of standing and concluded that the application did not meet the standard for an anti-suit injunction.  The defendants appealed the decision to the ECCA, which permitted the Liquidators to continue with the U.S. suits.

Hon. John P. Mastando III, p. 5

In 2016, The Honorable Stuart M. Bernstein, who by then was presiding over this litigation after Judge Lifland passed away in 2014, effectively lifted the stay on a limited basis to permit the Liquidators to file motions for leave to amend their complaints and to permit Defendants to file motions to dismiss, which were then initially filed in January 2017. Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and In Support of Defendants' Motion to Dismiss, *Fairfield Sentry Limited (In Liquidation) et al. v. Theodoor GGC Amsterdam et al.*, Adv. Pro. No. 10-ap-03496 (CGM) (Bankr. S.D.N.Y. Jan. 13, 2017) (ECF No. 960). Extensive briefing and argument were submitted in connection with those motions.

**Rulings On Prior Motions To Dismiss**

While the motions to dismiss raised a variety of arguments, in light of the large number of parties and the potential for unique issues, the Court decided to first address a series of overarching legal questions that were applicable to all or a majority of the cases. In a series of four decisions over three years, the Court ultimately dismissed nearly all of the Liquidators claims:

- *Fairfield I*, **2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018):** The Court found that it had subject matter jurisdiction over these claims but held that the forum selection clause in the Fairfield Funds' subscription agreements allegedly signed by Defendants did not apply to the Liquidators' claims, rejecting the Liquidators' argument that foreign defendants consented to personal jurisdiction in New York or to service by mail through the subscription agreements.

- *Fairfield II*, **596 B.R. 275 (Bankr. S.D.N.Y. Dec. 6, 2018):** The Court (i) dismissed the Common Law Claims for failure to state a claim because Defendants were contractually owed the redemption payments, with the sole exception of BVI law constructive trust claims premised on a theory of "knowing receipt" (the "Constructive Trust Claims") that were asserted against certain defendants, and (ii) held that the Section 546(e) safe harbor would bar the BIA Claims, and potentially all claims, if defendants could show on a renewed motion to dismiss that either the Fairfield Funds or defendants were covered entities under the safe harbor, because the safe harbor could properly be applied to purely foreign transfers sought in Chapter 15 proceedings. The Court otherwise declined to resolve the parties' arguments, including on personal jurisdiction, without prejudice to a renewed motion to dismiss.

- *Fairfield III*, **2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020):** The Court held that the redemption payments at issue in these cases fell within the Section 546(e) safe harbor because the Fairfield Funds were covered entities and the statutory exception for intentional fraud claims did not apply, which precluded the Liquidators' BIA Claims. Further, *Fairfield III* held that, in light of the *Fairfield I* holding that the forum selection clause in the subscription agreements did not apply to the asserted claims, the Liquidators never properly effected service of the summons and complaint

       on certain foreign defendants, but nonetheless allowed the Liquidators to effect alternative service in the United States on U.S. counsel.

- ***Fairfield IV*, 2021 WL 771677 (Bankr. S.D.N.Y. Feb. 23, 2021):** The Court denied Defendants' motion for rehearing of *Fairfield III*, which sought dismissal of the Constructive Trust Claims as precluded by the Section 546(e) safe harbor.

The Liquidators appealed *Fairfield I, Fairfield II* and *Fairfield III* to the District Court. Those appeals covered all cases in which those decisions resulted in a final judgment dismissing all claims. The Court also entered a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) in the 18 cases in which the Constructive Trust Claims remain – including these cases against the HSBC Defendants – with the result being that the appeals covered all of the administratively consolidated cases. On August 24, 2022, the District Court (Broderick, J.) fully affirmed the Bankruptcy Court's rulings. *Fairfield V*, 630 F. Supp. 3d 463. The Liquidators have appealed *Fairfield V* to the Second Circuit, and briefing on that appeal is complete.

In the meantime, Defendants applied to the District Court for interlocutory review of the decisions in *Fairfield III and IV* declining to dismiss the Constructive Trust Claims pursuant to Section 546(e) of the Bankruptcy Code. The District Court granted interlocutory review, and affirmed the Bankruptcy Court's ruling denying the motion to dismiss. *Fairfield V*, 630 F. Supp. 3d 463. The District Court subsequently certified that decision for interlocutory review to the Second Circuit. *Fairfield Sentry Ltd. v. Citibank, N.A. London*, 2023 WL 2644226 (S.D.N.Y. Mar. 27, 2023). On July 5, 2023, the Second Circuit granted Defendants' petition for interlocutory review, and the parties are negotiating a briefing schedule with respect to this issue. *See UBS AG v. Fairfield Sentry Limited (In Liquidation)*, No. 23-517 (2d Cir.) (ECF No. 62). The Circuit has ordered that the interlocutory appeal and the appeals as of right from the prior *Fairfield* decisions be heard in tandem.

**Issues Currently Pending In The Bankruptcy Court**

After Judge Bernstein retired in early 2021 and The Honorable Cecelia G. Morris took over responsibility for these cases, the Court directed that it would hear the remaining threshold issues one at a time, beginning with the issue of service of process. Judge Morris also formally lifted the stay imposed in 2011. In 2021, a number of parties, including HSSL, entered into stipulations resolving their outstanding objections to service of process in light of Judge Bernstein's decision in *Fairfield III*, thus permitting service on U.S. counsel subject to reservation of the right to appeal from that decision. Stipulation and Order Regarding Service, *Fairfield Sentry Limited (In Liquidation) et al. v. HSBC Secs. Servs. (Luxembourg) S.A., et al.*, Adv. Pro. No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y. Sept. 1, 2021) (ECF No. 172). Certain other parties filed motions to dismiss for lack of effective service, which the Court separately addressed. The Court also addressed motions for leave to file further amended complaints in certain actions, none of which involved the HSBC Defendants.

The next issue to be addressed was personal jurisdiction. The Court entered a scheduling order on September 28, 2021, pursuant to which each defendant was directed to file an individual brief, addressing only personal jurisdiction, by October 29, 2021. The HSBC

Hon. John P. Mastando III, p. 7

Defendants did so with HSSL and PBRS filing separate motions. In the meantime, the Court ordered the parties to engage in personal jurisdiction discovery pursuant to the Federal Rules of Civil Procedure. The HSBC Defendants appealed the Court's order authorizing personal jurisdiction discovery on the basis that the Court has not found that the Fourth Amended Complaints stated a *prima facie* case that jurisdiction was proper. In an August 31, 2022 decision, the District Court (Preska, J.), affirmed the Bankruptcy Court's order.

Between September 2021 and June 2023, the parties engaged in extensive personal jurisdiction discovery. The Liquidators served document requests and interrogatories on the HSBC Defendants, and subpoenas on three U.S. affiliates of the HSBC Defendants. The HSBC Defendants also served document requests and requests for admission on the Liquidators. Jurisdictional discovery was effectively completed by August 15, 2022. HSSL and PBRS and their affiliates collectively produced over 35,000 documents in response to 21 requests for production and third-party subpoenas.

Given that their initial motions accepted as true all well-pled allegations, which limitation was no longer appropriate once jurisdictional discovery was taken, the HSBC Defendants asked the Liquidators prior to the completion of jurisdictional discovery to consent to the HSBC Defendants either supplementing their opening personal jurisdiction briefs before the Liquidators filed their Opposition briefs in order to address the facts developed in discovery, or to agree not to object to the HSBC Defendants addressing those newly developed facts in their Reply briefs. The Liquidators did not agree to the HSBC Defendants supplementing their Opening briefs prior to the Opposition briefs, but stipulated that they would not object to use of discovery materials in the HSBC Defendants' replies, subject to reservation of various rights. *See* HSBC Defendants' Opposition to the Liquidators' Motion to Amend the Scheduling Orders, Exs. A-B, *Fairfield Sentry Limited (In Liquidation) et al. v. HSBC Secs. Servs. (Luxembourg) S.A., et al.*, Adv. Pro. No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y. Mar. 31, 2023) (ECF No. 294); HSBC Defendants' Opposition to the Liquidators' Motion to Amend the Scheduling Orders, Exs. A-B, *Fairfield Sentry Ltd. (In Liquidation) v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-ap-03633 (CGM) (Bankr. S.D.N.Y. Mar. 31, 2023) (ECF No. 236).

On December 15, 2022, the Liquidators filed their Opposition briefs, submitting nearly 4,500 pages of discovery materials and an expert declaration to supplement the allegations in the Fourth Amended Complaints with respect to personal jurisdiction. The Liquidators also produced to the HSBC Defendants an additional (and overdue) 2,200 pages of discovery with their Opposition briefs.

On March 15, 2023, the HSBC Defendants filed their Reply briefs, submitting a number of declarations and evidentiary exhibits pursuant to the stipulations they had negotiated with the Liquidators. *See id.* After the HSBC Defendants filed their briefs, the Liquidators asked the Court to adjourn argument from April 19, 2023 to July 19, 2023 so that they could evaluate the materials submitted by the HSBC Defendants and seek additional discovery, if appropriate. The Liquidators subsequently sought production of documents from two additional custodians at HSSL, which HSSL provided, and depositions of six individuals. The HSBC Defendants agreed to the depositions of the four individuals who had provided declarations or who were under the HSBC Defendants' control. Those depositions were scheduled for the week of June 5, 2023, but were cancelled by the Liquidators on June 1, 2023, after they concluded they no longer wished to

Hon. John P. Mastando III, p. 8

conduct them. On June 30, 2023, the Liquidators filed a Sur-Reply along with a supplemental expert declaration.

The personal jurisdiction motions are now ready for argument and for the Court's consideration.

In light of the Court's direction that motion practice be conducted on an individual, defendant-specific basis, Defendants also moved on November 3, 2021, to vacate the administrative consolidation of these cases. The Court granted that motion on December 27, 2021.

**Remaining Issues**

As noted above, the parties have reserved for later briefing a number of other issues that might typically be raised in a motion to dismiss, following personal jurisdiction, if the cases survive dismissal at this stage. Those issues are:

- Whether a moving defendant is a "knowledge defendant" as defined under the standard set forth in *Fairfield II*, and to the extent that a defendant is a knowledge defendant, whether the Liquidators have made allegations sufficient to sustain a Constructive Trust Claim asserted against it;

- Whether any of the claims asserted against a defendant must be dismissed because that defendant is not a proper party to be sued on such claim;

- Whether a defendant must be dismissed because a complaint fails to adequately plead receipt of redemptions by that defendant; and

- Any other issues upon consent of the parties.[2]

*See* Stipulated Order Granting in Part and Denying in Part Moving Defendants' Second Consolidated Motion to Dismiss at 13-14, *Fairfield Sentry Limited (In Liquidation) et al. v. HSBC Secs. Servs. (Luxembourg) S.A., et al.*, Adv. Pro. No. 10-ap-03630 (SMB) (Bankr. S.D.N.Y. Feb. 26, 2021) (ECF No. 130); Stipulated Order Granting in Part and Denying in Part Moving Defendants' Second Consolidated Motion to Dismiss at 14-15, *Fairfield Sentry Ltd. (In Liquidation) v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-03633 (SMB) (Bankr. S.D.N.Y. Feb. 26, 2021) (ECF No. 118). Defendants in the other 16 actions have also reserved such issues for further briefing.

Defendants had previously requested that Judge Morris permit briefing of certain of these issues by defendants who had not raised a personal jurisdiction defense, and accordingly for whom the ongoing personal jurisdiction briefing was not relevant. Judge Morris denied that request, ordering instead to "get this panned down the road a little further." Hearing Tr. at 21-22, *Fairfield Sentry Limited (In Liquidation) et al. v. Theodoor GGC Amsterdam et al.*, Adv. Pro. No. 10-ap-03496 (CGM) (Bankr. S.D.N.Y. Sept. 15, 2021). The parties have contemplated, therefore,

---

[2] The Parties also stipulated to reserve the question of whether service had been properly effected, but that issue is was resolved by stipulation in these cases, subject to a reservation of appellate rights, and in other cases by Judge Morris's earlier rulings.

Hon. John P. Mastando III, p. 9

that there may be an additional round of briefing with respect to Rule 12 motions following the Court's resolution of the pending personal jurisdiction motions depending on that resolution. *See* Sur-Reply Memorandum of Law in Further Support of Liquidators' Opposition to Defendant's Motion to Dismiss at 4 n.5, *Fairfield Sentry Limited (In Liquidation) et al. v. HSBC Secs. Servs. (Luxembourg) S.A., et al.*, Adv. Pro. No. 10-ap-03630 (SMB) (Bankr. S.D.N.Y. June 30, 2023) (ECF No. 313); Sur-Reply Memorandum of Law in Further Support of Liquidators' Opposition to Defendant's Motion to Dismiss at 3 n.2, *Fairfield Sentry Ltd. (In Liquidation) v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-03633 (SMB) (Bankr. S.D.N.Y. June 30, 2023) (ECF No. 251).

Relatedly, as discussed above, the overall schedule in these cases did not contemplate how long it would take to resolve the personal jurisdiction issues, and accordingly for merits discovery to commence. The schedule in these cases currently contemplates that fact discovery will close on February 16, 2024, and that the parties will be prepared to discuss trial by October 9, 2024. The parties have conferred, however, and agree that these dates will need to be modified in light of the time that has been taken on the personal jurisdiction issue. We would be pleased to discuss this at the upcoming conference. While the precise schedule differs in each of the 16 other actions, those actions will be facing similar scheduling issues.

Thank you for the Court's consideration, and we look forward to our initial conference with Your Honor.

Respectfully submitted,

Jeffrey A. Rosenthal
Nowell D. Bamberger