# brownrudnick

DAVID J. MOLTON
direct dial: 212.209.4822
fax: 212.938.2822
dmolton@brownrudnick.com

July 19, 2023

**BY ECF**

Honorable John P. Mastando III
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004-1408

RE: *Fairfield Sentry Limited (In Liquidation) et v. HSBC Secs. Servs. (Luxembourg) S.A., et al.*, Adv. Pro. No. 10-ap-03630 (JPM); *Fairfield Sentry Ltd. (In Liquidation) v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-03633 (JPM)

Dear Judge Mastando:

We write on behalf of Kenneth Krys and Greig Mitchell, in their capacities as Joint Liquidators of Fairfield Sentry (in liquidation), Fairfield Sigma (in liquidation), and Fairfield Lambda (in liquidation) (the "Liquidators"), plaintiffs in the above-referenced adversary proceedings, in response to the letter submitted yesterday on behalf of certain defendants in the above-referenced actions (the "Cleary Letter"). *See* ECF No. 321, Adv. Pro. No. 10-3630-jpm; ECF No. 258, Adv. Pro. No. 10-3633-jpm.

The parties of course differ on how they would recite and frame the procedural history, and the Liquidators cannot endorse all the characterizations in the Cleary Letter. However, because most of the factual statements in the Cleary Letter are accurate—including its listing of the four issues preserved for resolution in a final round of motion to dismiss briefing, *see* Cleary Letter at 8—the Liquidators do not believe they need to and will not burden the Court with a competing recitation of the history of this litigation. Instead, the Liquidators write to provide brief additional context on two discrete matters referenced therein and confirm the Liquidators' approach to the litigation going forward.

*First*, the Cleary Letter references the Privy Council's holding in *Fairfield Sentry Ltd. v. Migani* [2014] UKPC 9, that a valid contemporaneous "certification" of net asset value ("NAV") can be final and binding even if incorrect, thereby barring certain restitution claims for overpaid redemptions. Cleary Letter at 4. As additional context, *Migani* did not address whether a NAV certificate is valid and binding if issued in bad faith, as the Liquidators here allege. *Fairfield II*, 596 B.R. 275, 293 (Bankr. S.D.N.Y. Dec. 6, 2018). Further, the Cleary Letter is mistaken in asserting *Migani* left intact a second, independent defense of "good consideration": the Privy Council reasoned such defense is tied to and depends on valid certification of NAV. *Migani* ¶ 6

Brown Rudnick LLP | brownrudnick.com | 7 Times Square, New York, NY, 10036 | 1.212.209.4800



Honorable John P. Mastando III
July 19, 2023
Page 2

("[NAV] certificate" and "good consideration" defenses "have to be considered together"); ¶ 24 (NAV finality requires certificate); *see also id.* ¶¶ 18-20.  Finally, subsequent to the Bankruptcy Court's dismissal of certain common law claims here, the Privy Council issued a new decision, *Skandinaviska Enskilda Banken AB (Publ) v. Conway* [2019] UKPC 36 ("*Weavering*"), recognizing an exception to *Migani*'s NAV-finality principle, where a fund's NAV is dishonestly calculated (as the Liquidators here allege).[1]  While the parties disagree on each of the foregoing points concerning *Migani* and *Weavering*, such issues are currently before the Second Circuit on appeal and need not be resolved in connection with the status conference before Your Honor this Friday (or in connection with the pending motions to dismiss for lack of personal jurisdiction).

*Second*, while the Cleary Letter emphasizes the volume of productions of jurisdictional discovery by certain defendants, Cleary Letter at 7, and notes certain sur-replies submitted by the Liquidators, it does not mention that in each instance certain defendants first forced motion practice by the Liquidators, including a motion to compel adherence to the Bankruptcy Court's prior rulings on jurisdictional discovery (granted, *see, e.g.*, ECF No. 200 at 62-76 & ECF No. 211, Adv. Pro. No. 10-3630-jpm), and a motion for leave to file sur-reply in light of defendants' reply submissions (granted, *see* ECF No. 300, Adv. Pro. No. 10-3630-jpm).

As the foregoing contested motions have been resolved by Judge Morris, the Liquidators will not burden the Court with additional color.  The Liquidators wish for these cases to be decided promptly on the merits, without undue delay or wasteful litigation costs.  Consistent with any guidance provided by the Court at this Friday's status conference, the Liquidators look forward to working with defendants to promptly submit to the Court a proposed schedule for the remainder of the case that enables such an approach.

We look forward to discussing with the Court.

Respectfully,

David J. Molton

cc:  Counsel of Record (by ECF and email)

---

[1] The Liquidators are prepared to provide a compendium of all prior decisions, including relevant decisions rendered by courts outside of the United States, if the Court would find this helpful.